# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOSEPH,<br><br>        Petitioner,<br><br>   v.<br><br>STATE OF UTAH,<br><br>        Respondent. | 1:09-cv-00581-BAK-GSA HC<br><br>FINDINGS AND RECOMMENDATION TO SUMMARILY DENY PETITION FOR WRIT OF HABEAS CORPUS AS FRIVOLOUS; ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS<br>(Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner filed the instant federal petition on March 31, 2009. (Doc. 1). The petition alleges that Petitioner is challenging a conviction in the Fresno County Superior Court on September 15, 2006 that resulted in a sentence of 365 days and two years' probation. (Doc. 1, p. 1). The petition further alleges that Petitioner's appeal of that conviction in the California Court of Appeal, Fifth Appellate District ("5th DCA"), was dismissed without prejudice. (Doc. 1, p. 2). Petitioner does not indicate that he filed any appeal or habeas corpus petition in the California Supreme Court.

Petitioner's "claims," to the extent that they can be so characterized, are vague and

unclear. Ground one indicates as follows:

> Defendant is a Dual Citizen and has not been allowed to contact consulate. This should come as no surprise since my country has no consulate specifically because of this type of violation.

(Doc. 1, p. 4).

Ground two alleges as follows:

> Defendant has been partying at Polly Esther's Culture Club in Tempe, Arizona. Point blank you can tell me that jails aren't hot, but...The response you would likely receive from me is, "Compared to what? A Silicon Graphics workstation? Perhaps a Cray II?" I have a great snapshot of the 2005 incident on my web site.

(Id.).

Ground three alleges as follows:

> Interpol acquired my Utah (U.S.) Birth certificate. Your average bar licensed attorney would politely inform you that you have no chance whatsoever in a state or federal courts at the district level. As such—might as well keep diplomacy, eh?

(Id. at p. 5).

Finally, Ground four alleges the following:

> This is a psychiatric commitment. It could go on indefinitely. I am actually quite comfortable here at Utah State Hospital after being involved in four rear end collisions–front car. The psychiatrist is a miracle worker. I would invite you to keep me here until China dries your economy up.

(Id.).

As indicated more fully below, the Court determines that Petitioner's claims are entirely frivolous and, thus, this petition should be summarily denied on the merits.

## **DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition...that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) *(quoting* Blackkledge v. Allison, 431 U.S. 63, 75-76 (1977)). Under § 2243, it is the duty of the Court to screen out frivolous applications and to eliminate the burden that would be placed on the respondent by ordering an

unnecessary answer. <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970); <u>see</u> Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

Habeas corpus petitions must meet heightened pleading requirements.  <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994); <u>Hendricks</u>, 908 F.2d at 491.   The petitioner shall set forth in summary form the facts supporting each of the grounds specified and shall state the relief requested.  Rule 4 of the Rules Governing Section 2254 Cases.  As mentioned above, a petition may be dismissed if the factual allegations are so palpably incredible or so patently frivolous or false as to warrant summary dismissal.  <u>Blackledge</u>, 431 U.S. at 78.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-1228 (9th Cir. 1984).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however, inartfully, pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

Petitioner's claims should be denied as patently frivolous.  None of the claims sets forth a meritorious legal theory; indeed, the Court discerns no legal theory whatsoever in any of Petitioner's claims.  Moreover, to the extent that the claims can be said to allege "facts," those facts are either completely irrelevant to any conceivable habeas relief, or are entirely baseless. <u>Neitzke</u>, 490 U.S. at 327.

Not only does Petitioner fail to cite any legal authority supporting his claims, Petitioner does not even articulate any cognizable ground for relief or even specify the particular relief  he is seeking. .  In other words, the petition is entirely frivolous.

**ORDER**

In order to facilitate these Findings and Recommendations, the Court HEREBY DIRECTS the Clerk of the Court to assign this case to a United States District Judge.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED as frivolous.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 28, 2009**           **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE